UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK WILSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4278-WBV-KWR** |
| **BP EXPLORATION & PRODUCTION INC., ET AL.** | **SECTION: D (4)** |

## ORDER AND REASONS

Before the Court is BP's Motion for Summary Judgment, filed by defendants, BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively, "BP").[1] Defendants, Halliburton Energy Services, Inc., Transocean Holdings, LLC, Transocean Deepwater, Inc., and Transocean Offshore Deepwater Drilling, Inc., have also joined in the Motion.[2] The Motion was noticed for submission on September 20, 2022. Pursuant to Local Rule 7.5, a response was due by September 12, 2022. As of the date of this Order, no opposition has been filed. In addition, plaintiff, Mark Wilson, has not moved for an extension of the submission date or the deadline to file an opposition brief.[3] Hence, the Motion is unopposed.

After careful consideration of the Motion, the record, and the applicable law, the Motion is **GRANTED** and Mark Wilson's claims against BP Exploration & Production Inc., BP America Production Company, BP p.l.c., Halliburton Energy Services, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, and Transocean Deepwater, Inc. are **DISMISSED WITH PREJUDICE**.

---

[1] R. Doc. 49.
[2] *Id*. at p. 1, n.1.
[3] The record reflects that six attorneys are currently enrolled as counsel of record for Wilson.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Mark Wilson's alleged exposure to toxic chemicals following the Deepwater Horizon ("DWH") oil spill that took place on April 20, 2010.[4] On January 11, 2013, while presiding over the multidistrict litigation arising out of the DWH incident, United States District Judge Carl J. Barbier approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement (the "MSA").[5] The MSA includes a Back-End Litigation Option ("BELO") that permits certain class members to sue BP for Later-Manifested Physical Conditions ("LMPC's").[6] The MSA defines a LMPC as a:

> physical condition that is first diagnosed in a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER after April 16, 2012, and which is claimed to have resulted from … exposure to oil, other hydrocarbons, or other substances released from the MC252 WELL and/or the *Deepwater Horizon* and its appurtenances, and/or exposure to dispersants and/or decontaminants used in connection with the RESPOSE ACTIVITIES, where such exposure occurred on or prior to … April 16, 2012 for CLEAN-UP WORKERS.[7]

After opting out of the MSA,[8] Mark Wilson filed a Complaint on April 29, 2017 against BP Explorations & Production Inc., BP America Production Company, Inc., BP p.l.c., Transocean Holdings LLC, Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc., and Halliburton Energy Services, Inc.[9] In the Complaint, Wilson alleges that he was exposed to oil and/or oil-dispersing chemicals

---

[4] R. Doc. 1 at ¶ 18.
[5] *See Brown v. BP Expl. & Prod. Inc.*, Civ. A. No. 18-9927, 2019 WL 2995869, at *1 (E.D. La. July 9, 2019) (citation omitted) (Africk, J.).
[6] *Id.*
[7] *Id.*
[8] *See*, R. Doc. 1 at ¶ 5; R. Doc. 30 at ¶ 18.
[9] R. Doc. 1.

and/or decontaminants used during the oil spill cleanup "by virtue of Plaintiff's environment." [10] Wilson also alleges "Medical monitoring, personal injury, or wrongful death arising from alleged exposure to crude oil or dispersants" based upon "Continuous exposure beginning on or about 4/20/10, including but not limited to New Sarpy, LA."[11] According to the documents attached to the Complaint, Wilson alleges that his injuries include "nausea and other injuries as may be shown by further evidence."[12]

In the Complaint, Wilson also "adopts and incorporates by reference all matters originally pled" in the Complaint filed in Civ. A. No. 13-2329-CJB-JCW, *Marina Pacheco-Ruz, et al. v. BP Exploration & Production Inc., et al.* (E.D. La.), wherein Wilson and approximately 29 other plaintiffs alleged that they experienced "headaches, nausea, vomiting, respiratory problems, and eye irritation, among other adverse health effects associated with exposure to crude oil and dispersants and other harmful chemicals in the environment resulting from the Oil Spill."[13] The plaintiffs in the *Pacheco-Ruz* matter also alleged that their exposure to the oil, dispersants, and/or other hazardous chemicals used for or resulting from the oil spill "may lead to serious health problems, diseases, and medical conditions that may be prevented by timely diagnosis and treatment," and that they "have developed a significantly increased risk of contracting a serious latent disease."[14]

---

[10] *Id.* at ¶ 18.
[11] R. Doc. 1-1 at pp. 3 & 5.
[12] R. Doc. 1-1 at p. 5.
[13] R. Doc. 1 at ¶ 1; *See*, R. Doc. 1 at ¶ 50 in the *Pacheco-Ruz* matter.
[14] R. Doc. 1 at ¶¶ 74-76 in the *Pacheco-Ruz* matter.

On October 18, 2021, with the Court's consent,[15] Wilson filed a First Amended Complaint, providing additional information to support his claims and maintain his allegation that he "has been exposed to crude oil, chemical dispersants, and the hazardous substances that are contained therein and, as a direct and proximate cause, has suffered both acute and chronic injury, including but not limited to the injuries set forth in Exhibit 'A'."[16] The Court notes that there is no "Exhibit A" attached to the First Amended Complaint, but that there is an "Exhibit A" attached to Wilson's original Complaint.[17]

BP filed the instant Motion on September 2, 2022, asserting that it is entitled to summary judgment under Fed. R. Civ. P. 56 because Wilson has provided insufficient admissible evidence to connect his alleged conditions with exposure to oil or dispersants.[18] Specifically, BP claims that Wilson has alleged various health complaints due to the DWH oil spill, but he has not produced any expert testimony in support of those claims.[19] BP points out that while his case was part of the MDL, Wilson alleged that he suffered from "nausea and other injuries as may be shown by further evidence" as a result of the oil spill response and cleanup.[20] BP also points out that Wilson failed to provide an expert report by the August 22, 2022 deadline set forth in the Court's Amended Scheduling Order.[21]

---

[15] R. Doc. 29.
[16] R. Doc. 30 at ¶¶ 3, 21, 32, & 39.
[17] *See*, R. Doc. 1-1.
[18] R. Doc. 49 at p. 1.
[19] R. Doc. 49-1 at p. 1.
[20] *Id.* at p. 3 (*citing* R. Doc. 1-1 at p. 5; R. Doc. 49-3).
[21] R. Doc. 49-1 at p. 3 (*citing* R. Doc. 44).

BP argues that the Fifth Circuit, the Eleventh Circuit, and at least eleven Sections of this Court have issued opinions addressing the obligation of a BELO plaintiff to prove legal causation.[22] According to BP, this requirement derives from the fundamental principles governing proof of causation in toxic tort cases decided under general maritime law.[23] BP claims that B3 plaintiffs, like Wilson, must satisfy the same legal cause standard as BELO plaintiffs.[24] BP further asserts that, because of the technical nature of the proof, courts have uniformly held that toxic tort plaintiffs must provide expert testimony to meet their burden of proving causation.[25] BP contends that, since the nature of the proof is technical, courts have repeatedly dismissed claims of plaintiffs who alleged injuries from exposure to the DWH spill but failed to provide expert support for their claims.[26] BP argues that, for these reasons, Wilson's claims lack the expert support required to carry his burden of proof on causation, which is a foundational element of his claim.[27] As such, BP asks this Court to grant its Motion and dismiss Wilson's claims with prejudice.[28]

As previously mentioned, Wilson did not file a response to BP's Motion for Summary Judgment.[29]

---

[22] R. Doc. 49-1 at p. 4 (citing authority).
[23] *Id.* at pp. 4-5 (citations omitted).
[24] *Id.* at p. 5 (citing R. Doc. 26924 at p. 1 in *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 10-2179-CJB-DPC (E.D. La. Feb. 23, 2021) (Barbier, J.).
[25] R. Doc. 49-1 at p. 5 (citing authority).
[26] *Id.* at pp. 5-6 (citing *Williams v. BP Expl. & Prod.*, Civ. A. No. 18-9753, 2019 WL 6615504, at *11 (E.D. La. Dec. 5, 2019) (Morgan, J.)).
[27] R. Doc. 49-1 at p. 6.
[28] *Id.*
[29] The Court notes that Wilson also failed to comply with the Amended Scheduling Order by failing to file a witness list by the September 21, 2022 deadline, or request any extension to do so. *See*, R. Doc. 44 at p. 2.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 56 instructs that summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[30] No dispute of material fact exists if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party.[31] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[32] While all reasonable inferences must be drawn in favor of the non-moving party, the non-moving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[33] The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.[34] The non-moving party must do more than simply deny the allegations raised by the moving party, and must tender depositions, affidavits, and other competent evidence to buttress his claim.[35]

If the dispositive issue is one in which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would

---

[30] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).
[31] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505).
[32] *Delta & Pine Land Co.*, 530 F.3d at 398-99 (citations omitted).
[33] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[34] *Anderson*, 477 U.S. at 248, 106 S.Ct. 2510.
[35] *See, Donaghey v. Ocean Drilling & Expl. Co.*, 974 F.2d 646, 649 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); FED. R. CIV. P. 56(e)).

entitle it to a directed verdict if the evidence went uncontroverted at trial."[36] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[37] If, however, the non-moving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim.[38] The burden then shifts to the non-moving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[39]

### III.   ANALYSIS

As BP highlights,[40] Judge Barbier previously described the BELO and B3 cases in similar terms, explaining that:

> BELO cases and the B3 cases are similar in several important respects. Both allege personal injuries or wrongful death due to exposure to oil or other chemicals used during the oil spill response. Furthermore, both BELO plaintiffs and B3 plaintiffs must prove that the legal cause of the

---

[36] *Int'l Shortstop, Inc.*, 939 F.2d at 1264-65.
[37] *Id.* at 1265.
[38] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
[39] *Id.* (*quoting* FED. R. CIV. P. 56(e)).
[40] R. Doc. 49-1 at p. 2.

      claimed injury or illness is exposure to oil or other chemicals used during the response.[41]

In a separate matter, this Court recently explained that the Fifth Circuit and at least nine Sections of this Court have uniformly held that, with regard to BELO plaintiffs, "[a]bsent expert testimony, [a BELO plaintiff] cannot meet his burden of proof on causation."[42] The Court finds that because Wilson failed to identify a causation expert in this case by the Court's August 22, 2022 deadline[43] and did not move for an extension of that deadline, or for an extension of his deadline to respond to the instant Motion, he cannot meet his burden of proof on causation.[44] Indeed, the record reveals no admissible evidence whatsoever to support general causation. Thus, Wilson cannot meet his burden of proof on causation and BP is entitled to summary judgment as a matter of law.

---

[41] R. Doc. 26924 at p. 4 in *In Re Oil Spill by the Oil Rig "Deepwater Horizon,"* Civ. A. No. 10-02179 (E.D. La. Feb. 23, 2021) (Barbier, J.).

[42] *Dixon v. BP Expl. & Prod., Inc.*, Civ. A. No. 20-3272-WBV-JVM, 2022 WL 124026, at *3 (E.D. La. Jan. 13, 2022) (Vitter, J.) (*quoting* R. Doc. 35 in *Bucano v. BP Expl. & Prod. Inc., et al.*, Civ. A. No. 19-13185 (E.D. La. Aug. 4, 2021) (Feldman, J.)); *See, McGill v. BP Expl. & Prod. Inc.,* Case No. 19-60849, 830 Fed.Appx. 430 (5th Cir. 2020).

[43] R. Doc. 44 at p. 1.

[44] The Court is aware of recent orders issued by other Sections of this Court which address the requirement of expert testimony to establish specific causation. *See, Stephens v. BP Explor. & Prod. Inc.*, Civ. A. No. 17-4294, 2022 WL 1642136 (E.D. La. May 24, 2022) (Barbier, J.); *Turner v. BP Expl. & Prod. Inc.*, Civ. A. No. 17-4210, 2022 WL 1642142 (E.D. La. May 24, 2022) (Barbier, J.); *Wallace on behalf of Wallace v. BP Expl. & Prod. Inc.*, Civ. A. No. 13-1039, 2022 WL 1642166 (E.D. La. May 24, 2022) (Barbier, J.). A reading of these orders does not change this Court's analysis or conclusion. Indeed, those cases confirm the Fifth Circuit's two-step approach in examining the admissibility of causation evidence in toxic tort cases, specifying that, "First the district court must determine whether there is general causation. Second, if it concludes that there is admissible general-causation evidence, the district court must determine whether there is admissible specific-causation evidence." *Stephens*, Civ. A. No. 17-4294, 2022 WL 1642136 at *2 (quoting *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007)) (internal quotation marks omitted); *Turner*, Civ. A. No. 17-4210, 2022 WL 1642142 at *2 (quoting *Kirby, supra*); *Wallace*, Civ. A. No. 13-1039, 2022 WL 1642166 at *2 (quoting *Kirby, supra*). Those orders then address issues regarding specific causation in light of the particular facts presented in those cases. This Court does not, at this stage, address specific causation since Wilson has failed to produce any evidence whatsoever as to general causation.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that BP's Motion for Summary Judgment [45] is **GRANTED**, and Mark Wilson's claims against BP Exploration & Production Inc., BP America Production Company, BP p.l.c., Halliburton Energy Services, Inc., Transocean Holdings, LLC, Transocean Deepwater, Inc., and Transocean Offshore Deepwater Drilling, Inc. are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, October 6, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[45] R. Doc. 49.